# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES A. MATHEWS**                                             **PLAINTIFF**
**ADC #164596**

v.                  No: 4:22-cv-00481-KGB-PSH

**FAULKNER COUNTY JAIL,** *et al.*                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff James A. Mathews filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 23, 2022, while incarcerated in the Arkansas Division of Correction's Grimes Unit (Doc. No. 2). Mathews filed a motion in July stating he expected to be released in August of 2022 (Doc. No. 5). Because the Arkansas Division of Correction's website did not indicate that Mathews was still incarcerated there, the

Court entered a text order on September 16 directing Mathews to provide notice of his current mailing address no later than thirty days from the entry of the September 16 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's September 16 order could not be delivered to Mathews because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 8.

More than 30 days have passed, and Mathews has not complied or otherwise responded to the September 16 order. Mathews failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Mathews' complaint be dismissed without prejudice.

DATED this 21st day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE